IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CLARENCE DANIELS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> NOVANT HEALTH, INC., *et al.*, <br><br> Defendants. | Case No. 22-cv-00295-DKW-WRP <br><br> **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DISMISSING COMPLAINT WITHOUT PREJUDICE[1]; AND (3) GRANTING LEAVE TO AMEND** |

On July 7, 2022, Clarence Daniels, Jr., proceeding pro se, filed a Complaint against thirteen Defendants alleging violations of 18 U.S.C. § 1964 and the Eighth and Fourteenth Amendments of the U.S. Constitution, pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Daniels also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

The great majority of the events in Daniels' lengthy Complaint are alleged to have occurred in four judicial districts: District of Florida, Northern District of California, Western District of North Carolina, and Central District of North Carolina.[2] Because "a substantial part of the events giving rise" to Daniels'

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.
[2] By way of synopsis, Daniels claims he "was the target of varying chemical weapon assaults in public areas." *Id.* at 9. He identifies no specific perpetrator responsible for these assaults but identifies numerous occurrences that he believes signaled the assaults, including day-to-day

claims did not occur in the District of Hawaiʻi, venue in this District is improper. *See* 28 U.S.C. § 1391(b)(2). Moreover, it is unclear which of the four relevant districts was home to Daniels' claims. Thus, the Court declines to transfer venue. For good cause showing, Daniels' IFP Application is GRANTED, but this action is DISMISSED WITHOUT PREJUDICE for improper venue.

I. **The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

---

events in Daniels' life such as the consumption of certain foods, the passing of certain municipal vehicles on the street, and the playing of certain songs and movies. *See, e.g., id.* at 10. Daniels also alleges that he has been the victim of myriad kidnappings, "hate crime[s]," and other physical assaults. *See generally id.* Many of Daniels' allegations seem to stem from his interactions with (i) law enforcement while homeless, (ii) hospital and psychiatric staff during multiple periods of involuntary commitment, (iii) grocery store security guards, and (iv) airline staff. *See generally id.*

Here, Daniels has made the required showing under Section 1915(a). In the IFP Application, he states that he receives no income of any kind and has only $1,000 in a bank account.[3] Dkt. No. 3 at 1–2. He also avers that he has $18,685.34 in medical debt. *Id.* at 2. Daniels' Complaint also references multiple periods of homelessness. *See, e.g.*, Complaint at 8, 14.

In light of these facts, Daniels would not have the means to pay the filing fee for this action while still being able to afford the necessities of life. *See Escobedo*, 787 F.3d at 1234–36. In addition, Daniels has insufficient assets to provide security. As a result, the Court GRANTS the application to proceed without prepayment of fees or costs. Dkt. No. 3.

## II.    Screening[4]

The Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even when construed in a liberal light at this early stage

---

[3] Daniels asserts that the $1,000 came from "stimulus funds." Dkt. No. 3 at 2.
[4] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

of the proceedings, the Complaint has numerous deficiencies—one of which, improper venue, is discussed below.[5]

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) if no district is otherwise available, any district over which any defendant is subject to the court's personal jurisdiction.   When a case is brought in the wrong district, a court must dismiss the case or, if it is in the interest of justice, transfer the case to a proper district.   28 U.S.C. § 1406(a).   "[T]ransfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith." *Amity Rubberized Pen Co. v. Market Quest Grp., Inc.*, 793 F.3d 991, 996 (9th Cir. 2015).

Here, venue in the District of Hawaiʻi is clearly improper.   None of the Defendants resides in this District, and none of the conduct alleged with any particularity took place in this District.   Daniels' twenty-five-page Complaint contains only two insignificant references to Hawaiʻi.   First, a list of eleven

---

[5]This Order should not be construed as implying there are no deficiencies with the Complaint beyond venue—there certainly are.

locations where Daniels alleges "chemical weapon assaults were used" includes two locations in this District: "Daniel K. Inouye International Airport" and "Oahu Community Correctional Center." Complaint at 9–10, ¶ 12. Second, Daniels claims he "booked a one-way trip to Honolulu, HI, departing on November 27, 2021," in order to escape the "escalating" terrorist attacks he was experiencing in North Carolina. *Id.* at 17, ¶ 50. He alleges that "United Airlines conspired to prevent" him from checking in to his flight to Honolulu for fourteen hours, during which time he was "excessively targeted with chemical weapon assault variants." *Id.* ¶ 51. He then claims to have been kidnapped "before he departed Honolulu International Airport":

> Multiple patterns of criminal activity would be repeated, with the kidnappers using both documented and undocumented physicial[sic]/psychological torture techniques previously deployed against Clarence Daniels Jr. Clarence Daniels Jr would be unlawfully deprived of liberty until February 15, 2022. During this kidnapping, Clarence Daniels Jr would suffer a heart attack and his requests for medical attention ignored. This would add up to Clarence Daniels Jr being kidnapped for 120 days between 10/17/2021 and 2/15/2022, in 2 different States, over 4600 miles apart.

*Id.* ¶ 52. It is not clear what events (if any) between November 27, 2021 and February 15, 2022, are alleged to have taken place in Hawaiʻi. *Id.* The rest of Daniels' many allegations took place outside the District of Hawaiʻi. Thus, in short, venue is improper in this District.

5

With respect to transfer, Daniels' claims are so geographically broad that it is not possible for this Court to determine proper venue for this action. As a result, the Court declines to transfer this action.

## CONCLUSION

This action is DISMISSED WITHOUT PREJUDICE. Because it is possible that amendment may cure the deficiencies identified herein, such as a clearer link between what allegedly occurred to Daniels and this District, Daniels may file an amended complaint in an attempt to do so. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir. 2013).

Should Daniels choose to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's **jurisdiction and venue**; (2) the constitutional or statutory right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do and where; (5) how the action or inaction of that defendant is connected to the violation of his right(s); and (6) what specific injury he suffered because of the defendant's conduct.

Plaintiff may have until **August 15, 2022** to file an amended complaint.

**The Court cautions Daniels that the failure to do so by August 15, 2022 may result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Plaintiff a blank Complaint for a Civil Case (Pro Se 1).

IT IS SO ORDERED.

Dated: July 25, 2022 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

Clarence Daniels, Jr., vs. Novant Health Inc., et al; Civil No. 22-00295 DKW-WRP; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DISMISSING COMPLAINT WITHOUT PREJUDICE; AND (3) GRANTING LEAVE TO AMEND**