IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CLARENCE DANIELS, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>NOVANT HEALTH, INC., *et al.*,<br><br>Defendants. | Case No. 22-cv-00295-DKW-WRP<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Clarence Daniels, Jr., proceeding *pro se*, alleges that sixteen Defendants violated 18 U.S.C. § 1964 (the Racketeer Influenced and Corrupt Organizations ("RICO") Act) and conspired to violate several of his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments. Dkt. No. 7. He seeks damages. According to the operative First Amended Complaint ("FAC"), eleven of the sixteen Defendants are North Carolina citizens and one is a Florida citizen.[1] *Id.* at 6–7. The remaining four Defendants are the State of Hawaiʻi, Hawaiʻi's Department of Public Safety, Hawaiʻi's Department of Transportation, and Hawaiʻi's Office of the Public Defender. *Id.*

---

[1] The North Carolina-based Defendants are: Novant Health, Inc., Mecklenburg EMS Agency, Amishi Shah, Sankalp Puri, Vernon Barksdale, Jacob McGrath, Nathan Carter, Michael Christo, Larson Vickery, Rajasekhar Kannali, and Kaaya Malhotra. Dkt. No. 7 at 6–7. The Florida-based Defendant is Publix Super Markets, Inc. *Id.*

1

Before the Court is a motion to dismiss ("MTD") filed by the four Hawaiʻi-based Defendants, contending that (1) they are not subject to the RICO Act and (2) Daniels' claims against them are barred by sovereign immunity. Dkt. No. 45. As explained below, the Court agrees on both fronts, and the MTD is therefore GRANTED.

## RELEVANT BACKGROUND

In broad strokes, Daniels' FAC, filed August 11, 2023, alleges that the sixteen named Defendants conspired to kidnap, unlawfully restrain, and transport him to medical and prison facilities against his consent.[2] Dkt. No. 7 at 8–15. During his detention, he further claims he was attacked with chemical weapons, forced to ingest controlled substances against his consent, and otherwise tricked and tortured in various ways. *Id.* Accordingly, Daniels first alleges a violation of the RICO Act, 18 U.S.C. § 1964, a federal criminal statute. Second, pursuant to 42 U.S.C. § 1983, he alleges violations of several of his constitutional rights, including his right to the free exercise of his religion under the First Amendment, his right against unreasonable searches and seizures under the Fourth Amendment, his right against cruel and unusual punishment under the Eighth Amendment, and

---

[2]Daniels previously filed an original Complaint, along with an *in forma pauperis* ("IFP") application, on July 7, 2022. Dkt. Nos. 1, 3. After granting IFP status, the Court dismissed the Complaint pursuant to the 28 U.S.C. § 1915 screening process for lack of venue. Dkt. No. 6. Daniels filed the FAC on August 11, 2022, Dkt. No. 7, which survived the screening process and was served on all Defendants. *See* Dkt. No. 12.

his rights to equal protection and due process under the Fourteenth Amendment. Third, he alleges a civil conspiracy to commit the above-mentioned civil rights violations. Finally, he alleges several state law-based tort claims, including false imprisonment, battery, reckless endangerment, medical malpractice, and intentional infliction of emotional distress.

The four Hawaiʻi-based Defendants filed the instant MTD on March 20, 2023. Dkt. No. 45. Daniels did not file an opposition, and the movants did not file a reply brief. The Court elected to decide the matter without a hearing pursuant to LR 7.1(c), *see* Dkt. No. 48, and this Order follows.

## **LEGAL STANDARD**

Article III courts are courts of limited jurisdiction, possessing only that power that is affirmatively granted by the Constitution and by statute. If, at any point, an Article III court determines that it lacks subject matter jurisdiction over a case, the court must dismiss the action *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–04 (1998); *see also* Fed. R. Civ. P. 12(b)(1) (allowing parties to bring motions to dismiss for lack of subject matter jurisdiction).[3]

---

[3]The moving Defendants brought their MTD pursuant to Fed. R. Civ. P. 12(b)(6). However, the arguments therein are more accurately construed as facial attacks to the Court's subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1). The Court therefore so construes the MTD.

When deciding a facial challenge to subject matter jurisdiction, a district court must take all plausible allegations in the complaint as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)). The burden of establishing subject matter jurisdiction falls upon the party asserting jurisdiction—here, Daniels. *See Columbia Riverkeeper v. U.S. Coast Guard*, 761 F.3d 1084, 1091 (9th Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A party's standing to bring a case is a matter of subject matter jurisdiction. *See* U.S. Const. art. III, § 2, cl. 1 (stating that federal court jurisdiction is limited to justiciable "Cases" or "Controversies"); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (stating that standing is the "irreducible constitutional minimum" necessary to pursue a justiciable case or controversy). Sovereign immunity is also a matter of subject matter jurisdiction. *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 489 (1983).

## DISCUSSION

**I.   Daniels lacks standing to pursue criminal claims against any Defendant.**

Standing to initiate a federal criminal investigation or prosecution lies within the exclusive province and discretion of the United States Department of Justice— not the judiciary and not the private citizenry. *See Linda R. S. v. Richard D.*, 410

U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Cort v. Ash*, 422 U.S. 66, 79–80 (1975) (holding no private right of action under criminal statutes unless there is a clear statutory basis).

The FAC appears to seek the imposition of criminal charges against the movants for violation of the RICO Act, 18 U.S.C. § 1964. As a federal criminal statute, the RICO Act does not support a private right of action, including one for damages. *See Linda R.S.*, 410 U.S. at 619. Therefore, Daniels' Title 18-based claims are DISMISSED WITH PREJUDICE. *See Steel Co.*, 523 U.S. at 102–04.

**II.  Daniels' other claims against the four moving Defendants are barred by sovereign immunity.**

Sovereign immunity is the privilege of the sovereign not to be sued without its consent. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *ex rel. D.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015) (rooting sovereign immunity in the Eleventh Amendment). It generally "bars suits [that] seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citation omitted); *see also Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765–66 (2002) (quoting *Seminole Tribe*, 517 U.S. at 58).

There are two exceptions. First, Congress may abrogate a state's immunity from suit "by expressing its intent to do so with sufficient clarity." *Taylor v.*

*Westly*, 402 F.3d 924, 930 (9th Cir. 2005).  Second, states may waive their own immunity, but such a waiver will only be recognized "where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).

Here, the FAC seeks damages from the moving Defendants for constitutional violations, civil conspiracy, and several state torts.  As an initial matter, the four moving Defendants—the State of Hawaiʻi itself, the Department of Public Safety, the Department of Transportation, the Office of the Public Defender—each qualifies as "a state, an 'arm of the state,' its instrumentalities, or its agencies." *See Franceschi*, 57 F.3d at 831.  Therefore, unless Congress or the State of Hawaiʻi has abrogated the state's immunity with regard to any of Daniels' claims, the Eleventh Amendment bars this suit against the movants.

With regard to the constitutional claims, each brought pursuant to 42 U.S.C. § 1983, the Supreme Court has explained that 42 U.S.C. § 1983 did not abrogate the states' sovereign immunity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under [Section] 1983.").[4]  As Daniels has provided no other authority to

---

[4] 42 U.S.C. § 1983 provides, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

show that sovereign immunity has been abrogated or waived with regard to these constitutional claims, and the Court is aware of none, the claims are barred.

So too with Daniels' claim of civil conspiracy.[5] The Court is aware of no authority for the proposition that Congress has abrogated state sovereign immunity under 42 U.S.C. § 1985,[6] nor that Hawai'i has waived immunity with regard to any analogous state claim.

Finally, Hawai'i has not waived its privilege with regard to Daniels' state tort claims. "Although Hawai'i has waived its sovereign immunity as to some state tort [] claims, it has done so solely with respect to state court actions"—not federal court actions like this one. *See Lindsey v. Matayoshi*, 950 F. Supp. 2d 1159, 1171–72 (D. Haw. 2013) (citing Haw. Rev. Stat. § 662-3).[7] "Nothing in the

---

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[5]It is unclear whether Daniels is asserting this claim pursuant to federal or state law. Therefore, the Court will assume he is bringing it under both 42 U.S.C. § 1985 and any analogous state law. 42 U.S.C. § 1985 provides, "If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . , the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." *See also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012) ("A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.") (citation omitted).

[6]*Cf. Will*, 491 U.S. at 71 (holding that a State and its agencies are not "persons" under 42 U.S.C. § 1983).

[7]Haw. Rev. Stat. § 662-3 provides, "The circuit courts of the State and, except as otherwise provided by statute or rule, the state district courts shall have original jurisdiction of all tort actions on claims against the State, for money damages, accruing on and after July 1, 1957, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the State while acting within the scope of the employee's office or employment."

language of th[is] statute[] suggests that Hawai'i intended to subject itself to suit in federal court." *Id.* Moreover, the Hawai'i Legislature has specifically declared that it intended Section 662-3 to extend jurisdiction to state courts but not federal courts. *See id.* (citing Act 135 of 1984 Session Laws of Hawai'i). These claims are thus barred.

## **CONCLUSION**

As explained herein, the Court lacks subject matter jurisdiction over all of Daniels' claims against the moving Defendants. Therefore, the Motion to Dismiss, Dkt. No. 45, is GRANTED, and Daniels' claims against the moving Defendants are DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.

    DATED: May 12, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge