IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CLARENCE DANIELS, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>NOVANT HEALTH, INC., *et al.*,<br><br>Defendants. | Case No. 22-cv-00295-DKW-WRP<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND (2) DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** |

Plaintiff Clarence Daniels, Jr., proceeding *pro se*, alleges in his Second Amended Complaint ("SAC") that twenty-nine Defendants violated 18 U.S.C. § 1964 (the Racketeer Influenced and Corrupt Organizations ("RICO") Act), the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and various state tort laws. On August 11, 2023, the Court granted four unopposed motions to dismiss, filed by twelve out-of-state Defendants, for lack of personal jurisdiction.[1] Before the Court are two additional motions to dismiss. The first motion was filed by nine Hawaiʻi-based Defendants—The Queen's Health Systems, Ryan Sopelsa, Esther Wong, Leslie Rudzinski, Junji Takeshita, Chetan Patel, Jordan

---

[1]The first motion was filed by North Carolina-based Defendants Novant Health, Inc., Amishi Shah, Vernon Barksdale, Jacob McGrath, Nathan Carter, Michael Cristo, Larson Vickery, Rajasekhar Kannali, and Kaaya Malhotra. Dkt. No. 87. The second motion was filed by Florida-based Defendant Publix Supermarkets, Inc. Dkt. No. 96. The third motion was filed by North Carolina-based Defendant Sankalp Puri, Dkt. No. 100, and the fourth motion was filed by North Carolina-based Defendant Mecklenburg Emergency Medical Services Agency, Dkt. No. 105.

Winston, Kelly Nakamura, and Daniel Cho (collectively, the "Queens Defendants"). Dkt. No. 118. The second motion was filed by Colorado-based American Medical Response ("AMR"). Dkt. No. 119. The Queens' Defendants allege *inter alia* lack of subject matter jurisdiction, Dkt. No. 118 at 6–7, while AMR contends that Daniels fails to state a claim upon which relief may be granted, Dkt. No. 119-1 at 4–5. Both motions are unopposed.

Having reviewed the SAC, both motions to dismiss, and the record generally, the Court agrees that there is no subject matter jurisdiction in this case. As an initial matter, both Daniels and the Queens Defendants are citizens of Hawaiʻi and, therefore, are not diverse. Further, there is no federal question jurisdiction, as the SAC contains no viable claims under federal law. Finally, without original subject matter jurisdiction, the Court cannot exercise supplemental jurisdiction over the remaining state law claims. Therefore, as more fully discussed herein, the SAC is DISMISSED WITHOUT PREJUDICE. Additionally, as Daniels has had multiple opportunities to amend his Complaint to address the myriad deficiencies—all to no avail—no further amendment is permitted.

## FACTUAL & PROCEDURAL BACKGROUND

On July 7, 2022, Daniels filed his original Complaint and *in forma pauperis* application, asserting violations of the RICO Act, the United States Constitution, and state tort laws against thirteen North Carolina and Florida-based Defendants.

Dkt. Nos. 1–3.  Following screening pursuant to 28 U.S.C. § 1915, the Court dismissed the Complaint for lack of venue.  Dkt. No. 6.

Daniels then filed a First Amended Complaint ("FAC"), on August 11, 2022, alleging essentially the same claims against sixteen Defendants from Hawaiʻi, North Carolina, and Florida.  Dkt. No. 7.  Having survived screening, the FAC was served on all Defendants.  Dkt. No. 12.  The four Hawaiʻi-based Defendants filed a motion to dismiss on March 20, 2023.  Dkt. No. 45.  On May 12, 2023, the Court granted the motion and, *sua sponte*, dismissed with prejudice the RICO Act claims against all Defendants based on Daniels' lack of standing to bring a criminal complaint.  Dkt. No. 49.  The Court further ordered Daniels to show cause as to why the Court had personal jurisdiction over the remaining Defendants and why venue was proper in this district.  Dkt. No. 50.

Subsequently, on May 21, 2023, Daniels filed a new proposed amended Complaint.  Dkt. No. 52.  Construing this filing as a request to amend the Complaint, the Court granted the request and discharged the Order to Show Cause.  Dkt. No. 53.  Thereafter, on May 26, 2023, Daniels filed the operative SAC, naming twenty-nine Defendants from Hawaiʻi, North Carolina, Colorado, and Florida.  Dkt. No. 54.  In the SAC, Daniels alleges that Defendants conspired to kidnap, transport, restrain, and confine him against his will in medical and correctional facilities, physically attacked him, used chemical weapons against

him, forcibly injected him with controlled substances, and otherwise tortured him. Dkt. No. 54-1.  The SAC therefore again raises: (1) criminal violations of the RICO Act; (2) claims pursuant to 42 U.S.C. § 1983 for violations of federal constitutional rights, including the First Amendment right to free exercise of religion, the Fourth Amendment right to freedom from unreasonable search and seizure, the Eighth Amendment right to freedom from cruel and unusual punishment, and the Fourteenth Amendment rights to equal protection and due process; (3) civil conspiracy to commit the aforementioned violations; and (4) state-law tort claims for false imprisonment, battery, reckless endangerment, medical malpractice, and intentional infliction of emotional distress.  *Id.*

Between June 12, 2023 and July 27, 2023, twelve of the Defendants named in the SAC filed four motions to dismiss, each of which asserted, *inter alia*, lack of personal jurisdiction.  *See* Dkt. Nos. 87, 96, 100, & 105.  On August 11, 2023, the Court granted each of the motions, Dkt. No. 123, without Daniels having opposed any of them.

On August 7, 2023, ten of the remaining seventeen Defendants filed two motions to dismiss.  Dkt. Nos. 118 & 119.  The first motion, filed by the Queen's Defendants, asserts a lack of subject matter jurisdiction.  Dkt. No. 118.  The second motion, filed by AMR, contends that Daniels failed to state a claim upon which relief may be granted.  Dkt. No. 119.  Although Daniels, once again, did not

oppose either motion, on October 5, 2023, the moving Defendants replied. Dkt. Nos. 163 & 164. Pursuant to Local Rule 7.1(c), the Court elected to decide these matters without a hearing, Dkt. No. 166, and this Order follows.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a Defendant may move to dismiss a case for lack of subject matter jurisdiction. In such instances, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation omitted).

A Rule 12(b)(1) motion may be either a facial or a factual jurisdictional attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* As subject matter jurisdiction concerns the power of the federal court to hear the case, "when a federal court

concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## DISCUSSION[2]

Generally, federal courts have subject matter jurisdiction based either on diversity of citizenship, 28 U.S.C. § 1332, or on the presentation of a federal question, 28 U.S.C. § 1331. *Arbaugh*, 546 U.S. at 513. Further, a federal court may exercise supplemental jurisdiction over state law claims which arise out of a "common nucleus of operative fact". *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367. Here, Daniels alleges both diversity and federal question jurisdiction. Dkt. No. 54 at 3. The Queen's Defendants raise a facial attack, contending that this case should be dismissed, as there is neither complete diversity of citizenship nor viable federal law claims. Dkt. No. 118-1 at 6–7. The Court addresses each in turn.[3]

### I.      Diversity Jurisdiction

Diversity jurisdiction exists when there is *complete* diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For there to be complete diversity, no Defendant may be a citizen of the same state as any

---

[2] As Daniels is *pro se*, the Court has liberally construed his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).
[3] Although both the Queens Defendants and AMR offer other bases for dismissal, the Court only discusses subject matter jurisdiction, as that alone is sufficient to resolve the pending motions.

Plaintiff. *See ExxonMobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (explaining "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Here, Daniels admits in his SAC that both he and the Queen's Defendants are citizens of Hawai'i. Dkt. No. 54 at 3; Dkt. No. 54-1 at 5–8. Accordingly, there is no complete diversity of citizenship, and no diversity jurisdiction.

## II.     Federal Question Jurisdiction

A federal court has federal question jurisdiction where the Plaintiff "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513; 28 U.S.C. § 1331. A federal claim is non-colorable for the purposes of subject matter jurisdiction where it is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of New York v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974); *see also Bell v. Hood*, 327 U.S. 678, 682–83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."). In making this determination,

"the test is whether the cause of action alleged is *so patently without merit* as to justify . . . the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Environ. Study Grp., Inc.*, 438 U.S. 59, 70 (1978) (quotation marks and citations omitted).

Here, although Daniels purports to raise federal claims under the RICO Act and Section 1983, his claims are so "patently without merit" as to deprive the Court of federal question jurisdiction. As an initial matter, as the Court has already explained in two previous Orders, Daniels' criminal RICO claims were and remain dismissed with prejudice, as he lacks standing to bring such charges. *See* Dkt. No. 49 at 4–5; Dkt. No 123 at 5; *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Daniels was not given permission to amend this claim, nor did he seek such permission.

Further, while Daniels raises five federal constitutional claims via Section 1983, such claims are also insufficient to support federal question jurisdiction. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court has held, "[i]n cases under § 1983, 'under color' of law has consistently been treated as the same thing as the

'state action' required under the Fourteenth Amendment." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *United States v. Price*, 383 U.S. 787, 794 n.7 (1966)).  In other words, to establish federal question jurisdiction under Section 1983, Daniels must allege that a *state actor* violated the rights guaranteed to him by the federal Constitution.  *See Phillips v. Murdock*, 2008 WL 11417756, at *9 (D. Haw. July 31, 2008).

Here, Daniels asserts violations of his: (1) First Amendment right to free practice of religion; (2) Fourth Amendment right to freedom from unreasonable search and seizure; (3) Eighth Amendment right to freedom from cruel and unusual punishment; (4) Fourteenth Amendment right to equal protection; and (5) Fourteenth Amendment right to due process.  Dkt. No. 54-1 at 18–26.  Each of these claims, however, is asserted only against Novant Health and/or unnamed John Doe Defendants.  Not only does Daniels provide no detail as to how Novant Health is a state actor or acted under color of state law, but Novant Health has already been dismissed from this case.  *See* Dkt. No. 123.  Moreover, Daniels fails to name a single state actor as a Defendant in the entire SAC.[4]  Each of the named Defendants appears to be a private medical professional or healthcare provider, and

---

[4] In his FAC, Daniels named four state Defendants—the State of Hawaiʻi, the Hawaiʻi Department of Public Safety, the Hawaiʻi Department of Transportation, and the Hawaiʻi Office of the Public Defender.  Dkt. No. 7.  These Defendants were dismissed with prejudice on May 12, 2023, and that version of the Complaint is no longer operative.  *See* Dkt. No. 49.

Daniels provides no hint of any link between the named Defendants and the State. *See* Dkt. No. 54-1 at 2–9; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835–36 (9th Cir. 1999) (explaining "private parties are not generally acting under color of state law" unless there is a "*close nexus* between the state and the challenged conduct." (citations omitted)).  As such, Daniels' Section 1983 claims fail as a matter of law and cannot support federal question jurisdiction.

### III.     Supplemental Jurisdiction

The Queens Defendants also contend that the Court lacks supplemental jurisdiction over the state law claims asserted against them.  Dkt. No. 118-1 at 6–7. A federal court may exercise supplemental jurisdiction over state law claims forming "part of the same case or controversy" as those claims over which the court has original jurisdiction.  28 U.S.C. § 1367; *Gibbs*, 383 U.S. at 725. However, "supplemental jurisdiction cannot exist without original jurisdiction." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). Indeed, Section 1367's "plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Id.*

Here, for the reasons discussed above, there is no original subject matter jurisdiction—either through diversity or federal question.  As such, the Court is unable to exercise supplemental jurisdiction over any state law claims—which it

would decline to exercise in any event—and must dismiss this case. *See id.* (explaining that where a "federal claim [is] dismissed for lack of subject matter jurisdiction, a district court has no discretion to retain the supplemental claims for adjudication . . . and must dismiss the state law claims without prejudice." (citation omitted)).

### IV. <u>Leave to Amend</u>

Generally, a Plaintiff is permitted to amend his Complaint when "justice so requires." Fed. R. Civ. P. 15(a)(2). The Court has discretion, however, to deny leave to amend where amendment is sought in bad faith, would cause undue delay, would prejudice the opposing parties, or would be futile. *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).

This is Daniels' third Complaint. Despite multiple amendments, Daniels has largely failed to address the previous issues raised by this Court, including regarding subject matter jurisdiction. *See, e.g.*, Dkt. No. 49 (dismissing Daniels' FAC for lack of subject matter jurisdiction). Further, Daniels has failed to file an opposition in response to any of the six motions to dismiss filed in this case. At

this point, providing Daniels with another opportunity to amend would be futile and simply prolong and delay this litigation. Leave to amend is therefore denied.

## CONCLUSION

For the reasons set forth herein, the Queens Defendants' motion to dismiss, Dkt. No. 118, is GRANTED and this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. *See Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice."). Further, AMR's motion to dismiss, Dkt. No. 119, is DISMISSED AS MOOT. Finally, as the jurisdictional shortcomings cannot be cured by amendment, dismissal is WITHOUT LEAVE TO AMEND.

The Clerk is instructed to enter Judgment in favor of all Defendants pursuant to this Order and then close this case.

IT IS SO ORDERED.

DATED: October 20, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

Clarence Daniels, Jr. v. Novant Health, Inc., et al; Civil No. 22-00295 DKW-WRP; **ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND (2) DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**